**Luis Reyes CORNEJO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71457.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Luis Reyes Cornejo, San Bernadino, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hortensia Reyes, San Bernadino, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Kurt B. Larson, Aram A. Gavoor, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Luis Reyes Cornejo and Hortensia Reyes, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals denial of their application for cancellation of removal.

Petitioners allege that the agency erred in finding that Hortensia Reyes failed to establish the requisite amount of continuous residence in the United States. The BIA, however, did not address the continuous residence issue, and instead based its decision solely on the basis that petitioners failed to establish exceptional or extremely unusual hardship to petitioners' qualifying relative. This court lacks jurisdiction to review the BIA's discretionary determination that petitioners failed to demonstrate the requisite hardship. *See Martinez–Ro-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*sas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

The IJ granted voluntary departure for a 60–day period, and the BIA streamlined and changed the voluntary departure period to 30 days. However, in *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held that "because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.